

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NANCY A. BROWN
TELEPHONE: (212) 336-1023
EMAIL: BROWNN@SEC.GOV

July 25, 2016

**Via UPS Overnight and ECF**

Hon. William H. Pauley III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

    Re:    **SEC v. Michael J. Oppenheim and Alexandra Oppenheim (15-cv-2957-WHP)**

Dear Judge Pauley:

    We represent the Plaintiff, Securities and Exchange Commission (the "Commission"), in this action. We write to submit a proposed Final Judgment on consent, and the Consent of Defendant Michael J. Oppenheim ("Oppenheim"), for the Court's consideration. If it is acceptable to the Court, we respectfully request that the Court docket the executed Judgment together with the Consent. Also enclosed for the Court's consideration is the Commission's Notice of Dismissal of the Commission's claims against Relief Defendant Alexandra Oppenheim ("A. Oppenheim") pursuant to Fed. R. Civ. P. 41(a).

    On April 16, 2015, the Commission filed this action, which asserts claims of violations by Oppenheim of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder, as well as Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"). The Complaint alleges that while employed as a "private client advisor" for JP Morgan Chase, Oppenheim repeatedly stole from his clients. In one instance, Oppenheim used his position to persuade at least two customers to withdraw a total of over $12 million out of their accounts on the promise that he would use the withdrawals to purchase safe and secure municipal bonds for their accounts. Instead, Oppenheim bought himself cashier's checks and deposited them into his own brokerage account or accounts in his wife's name. Oppenheim lost the bulk of stolen funds in highly unprofitable options trading.

    On the same day as the Commission filed this action, Oppenheim was arrested and criminally charged with embezzlement and securities fraud, among other crimes. *United States v. Michael Oppenheim*, 15-Cr-00548 (S.D.N.Y.) (AT) ("Parallel Criminal Action"), DE 1. Oppenheim pleaded guilty to these two charges on November 5, 2015. (Id. DE 26.) Thereafter,

Hon. William H. Pauley III  July 25, 2016
Page 2

Judge Torres sentenced Oppenheim to 60 months' imprisonment and ordered Oppenheim to pay restitution of $27,087,170.11.  (Id. DE 45, 49.)

The proposed Final Judgment on consent against Oppenheim would impose a permanent injunction against future violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, as well as Sections 206(1) and 206(2) of the Advisers Act.  The proposed Final Judgment further orders that Oppenheim's obligation to pay disgorgement of $19,684,575.00, and prejudgment interest of $698,900.67, shall be deemed satisfied by the restitution order in the amount of $27,087,170.11 entered against Oppenheim in the Parallel Criminal Action.  As reflected in the Government's sentencing memorandum filed in the Parallel Criminal Action, Oppenheim's employer, JP Morgan Chase, incurred that amount in "uncovering and investigating [Oppenheim's] fraud, as well as repaying victims for their losses, including lost interest and other costs."  (Id. DE 38, at 4-5.)  As part of its resolution of this case, the Commission is not seeking a civil penalty against Oppenheim based on the sentence that he received, which included a term of 60 months' imprisonment.  (Id. DE 45).  Finally, we seek to withdraw the relief defendant claim against A. Oppenheim because it is derivative of the Commission's claims against Oppenheim.

We respectfully request that the Court enter the proposed Final Judgment and "so order" the Notice of Dismissal of the relief defendant claim against A. Oppenheim.  If approved and entered by the Court, the proposed Final Judgment and Notice of Dismissal would resolve all of the Commission's claims in this matter.  Consistent with local ECF rules, we have also sent copies of the enclosed documents electronically to judgments@nysd.uscourts.gov.

Respectfully submitted,

Nancy A. Brown
William J. Martin

Enclosures
cc (via email):

Paul Shechtman, Esq.
 (Counsel for Defendant Michael J. Oppenheim)

Lloyd Epstein, Esq.
 (Counsel for Relief Defendant Alexandra Oppenheim)